**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 13-4157**

―――――――――

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

CURTIS DAVIS,

              Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.   Robert J. Conrad, Jr., District Judge.  (3:12-cr-00052-RJC-2)

―――――――――

Submitted:  August 12, 2013        Decided:  August 16, 2013

―――――――――

Before MOTZ, GREGORY, and WYNN, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Kenneth Darwin Snow, THE SNOW LEGAL GROUP, PLLC, Charlotte, North Carolina, for Appellant. Elizabeth Freeman Greene, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Curtis Davis pled guilty to two counts of possession with intent to distribute cocaine, 21 U.S.C. § 841(b)(1)(C) (2006), and one count of conspiracy to possess with intent to distribute crack cocaine, 21 U.S.C. § 846 (2006). He was sentenced to 180 months in prison. Davis now appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), claiming that the district court gave an insufficient explanation for the sentence but stating that there are no meritorious issues for appeal. Davis was advised of his right to file a pro se supplemental brief but has not filed such a brief. We affirm.

We review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. We first must determine whether there was a significant procedural error, such as failing to correctly calculate the defendant's advisory Guidelines range, failing to consider the applicable 18 U.S.C. § 3553(a) (2006) factors, or failing to sufficiently explain the selected sentence. United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010). With respect to the explanation of the sentence, the court "must place on the record an 'individualized assessment' based on the particular facts of

the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). If the sentence is free of procedural error, we then review the substantive reasonableness of the sentence. Lynn, 592 F.3d at 575. This review requires us to consider the totality of the circumstances and to decide "whether the sentence was reasonable -- i.e., whether the [d]istrict [j]udge abused his discretion in determining that the § 3553(a) factors supported" the selected sentence. Gall, 552 U.S. at 56.

We hold that the district court did not abuse its discretion in imposing the 180-month sentence. The court fully complied with the required procedures, providing a sufficiently individualized assessment and appropriately taking into account pertinent § 3553(a) factors. In explaining the selected sentence, the court discussed at length Davis' extensive criminal history and expressed its concern that the instant offenses were very serious. These factors, the court concluded, required a sentence that would protect the public from further crimes.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Davis' convictions and sentence. This court requires that counsel inform Davis, in writing, of the right to petition the Supreme Court of the United States for further review. If Davis requests that a petition be filed, but counsel

3

believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Davis.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED